KEVIN RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

DEREK R. OWENS (CASBN 230237)
Special Assistant United States Attorney

SCOTT G. MAZZOLA
Law Clerk

450 Golden Gate Avenue, 11th Floor
San Francisco, California  94102
Telephone:  (415) 436-6488
Fax:  (415) 436-7234
Email: Derek.Owens@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM T. CAVAN<br><br>Defendant. | CR No.: 05-00752 MAG<br><br>STIPULATION AND [PROPOSED]<br>ORDER EXCLUDING TIME |

On November 28, 2005, the parties in this case appeared before the Court for an initial appearance.  At that time, the parties stipulated that time should be excluded from the Speedy Trial Act calculations from November 28, 2005 to December 13, 2005.  Specifically, Mr. Cohen, counsel for Mr. Cavan, requested the continuance in light of his desire to obtain and review discovery from the government.  The parties represented that granting the continuance was the reasonable time necessary for effective preparation of defense counsel, taking into account the

Stipulation and [Proposed] Order

exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agreed that the ends of justice served by granting such a continuance outweighed the best interests of the public and the defendant in a speedy trial.  See 18 U.S.C. § 3161(h)(8)(A).

SO STIPULATED:

                                            KEVIN V. RYAN
                                            United States Attorney

DATED: 12/7/05

                                            DEREK R. OWENS
                                            Special Assistant United States Attorney

DATED: 12/8/05

                                            JOSH COHEN
                                            Attorney for Mr. Cavan

As the Court found on November 28, 2005, and for the reasons stated above, the Court finds that an exclusion of time between November 28, 2005 and December 13, 2005 is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial.  See 18 U.S.C. §3161 (h)(8)(A).  The failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.

DATED: December 9, 2005



                                            Edward M. Chen