United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff(s),

    v.

WILLIAM CAVAN,

        Defendant(s).

_____/

Case No. CR05-0752-JCS

**ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL JURY TRIAL**

IT IS HEREBY ORDERED THAT:

**1**.    **TRIAL DATE**

    A.    Jury trial will begin on **March 21, 2006, at 8:30 a.m.,** in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

    B.    The length of the trial shall be not more than one (1) day.

**2**.    **DISCOVERY**

    A.    Both sides will comply with the Federal Rules of Criminal Procedure, and the United States will comply with *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Agurs*, 427 U.S. 97 (1976).

**3**.    **MOTIONS**

All motions, other than motions in limine, shall be filed at least **twenty-eight** (**28**) calendar days in advance of the hearing date.  Opposition briefs shall be filed at least **fourteen** (**14**) calendar days in advance of the hearing date.  Reply briefs shall be filed at least **seven (7)** calendar days in advance of the hearing date.

1      **Motions in Limine** shall be submitted as follows:  At least **twenty** (**20**) calendar days

2    before the Final Pretrial Conference, the moving party shall serve, but not file, the opening brief.  At

3    least **ten** (**10**) calendar days before the Final Pretrial Conference, the responding party shall serve the

4    opposition.  There will be no reply.  When the oppositions are received, the moving party should

5    collate the motion and the opposition together, back to back, and then file the paired sets at least

6    **seven (7)** calendar days before the conference.  Each motion should be presented in a separate memo

7    and properly identified, for example, "Defendant's Motion in Limine No. 1 to Exclude . . . ."  **A**

8    **binder containing all motions in limine should be submitted to the Clerk's office in an**

9    **envelope clearly marked with the case number and "JCS chambers copy."**

10          **4**.     **FINAL PRETRIAL CONFERENCE**

11             A.      A Final Pretrial Conference will be held on **March 10, 2006, at 1:30 p.m.,** in

12                     Courtroom A.  It shall be attended by the attorneys who will try the case.

13             B.       **Seven (7)** days in advance of the Final Pretrial Conference, the parties shall

14                     file a joint pretrial conference statement in accordance with Criminal Local

15                     Rule 17-1(b).

16             C.      In addition to the joint pretrial conference statement, the parties shall file,

17                     **seven (7)** days in advance of the Final Pretrial Conference, the following:

18                     1.      A joint exhibit list in numerical order, including a brief description of

19                             the exhibit and Bates numbers, a blank column for when it will be

20                             offered into evidence, a blank column for when it may be received into

21                             evidence, and a blank column for any limitations on its use;

22                     2.      Each party's separate witness list for its case-in-chief witnesses.  For

23                             each witness, state an hour/minute time estimate for the direct

24                             examination.

25                     3.      A joint set of proposed instructions on substantive issues of law

26                             arranged in a logical sequence.  If undisputed, an instruction shall be

27                             identified as "Stipulated Instruction No. ____ Re _____," with

28                             the blanks filled in as appropriate.  Even if stipulated, the instruction

shall be supported by citation.  If disputed, each version of the

instruction shall be inserted together, back to back, in their logical

place in the overall sequence.  Each such disputed instruction shall be

identified as, for example, "Disputed Instruction No. _____ Re

_____ Offered by _____," with the blanks

filled in as appropriate.  All disputed versions of the same basic

instruction shall bear the same number.  Citations with pin cites are

required.  Any modifications to a form instruction must be clearly

identified, *i.e.* in bold or italics.  If a party does not have a counter

version and simply contends that no such instruction in any version

should be given, then that party should so state (and explain why) on a

separate page inserted in lieu of an alternate version.  With respect to

form preliminary instructions, general instructions, or concluding

instructions, please simply cite to the numbers of the requested

instructions in the current edition of the *Ninth Circuit Manual of*

*Model Jury Instructions* (*Criminal*).  Other than citing the numbers,

the parties shall not include preliminary, general or concluding

instructions in the packet.

4.   A separate memorandum of law in support of each party's disputed

instructions, organized by instruction number.

5.   A joint set of proposed voir dire questions supplemented as necessary

by separate requests for good cause only.  (Keep these to a minimum,

please.)

6.   The jury instructions shall be submitted on a 3-3/4-inch disk in

WordPerfect 10.0 format, as well as in hard copies.  All hard-copy

submissions should be submitted in a binder to the Clerk's office in an

envelope clearly marked with the case number and "JCS chambers

copies".

1         7.  At the Final Pretrial Conference, the above submissions shall be

2          considered and argued.  The parties shall submit a joint summary of all

3          rulings in proposed order format.

4       D.  Not less than one (1) week prior to the Pretrial Conference, the parties shall

5    serve and file any objections to the opposing party's witnesses or to the exhibits on the opposing

6    party's exhibit list, setting forth a detailed basis for each objection.  Any objections not raised are

7    waived.

8       E.  No party shall be permitted to call any witness or offer any exhibit in their

9    case in chief that is not disclosed pursuant to this Pretrial Order, without leave of Court for good

10   cause shown.

11   **SCHEDULING**

12      F.  Trial will be conducted from 8:30 a.m. to 1:30 p.m. (or slightly longer to

13   finish a witness) with two fifteen-minute breaks, Monday through Thursday, excluding holidays.

14   Counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard out of the presence

15   of the jury.  The jury will be called at 8:30 a.m.

16   **THE JURY**

17      G.  No later than on the first day of trial, counsel shall jointly submit a simplified

18   statement of the case to be read to the jury during voir dire and as part of the proposed jury

19   instructions.  Unless the case is extremely complex, this statement should not exceed one page.  The

20   Court will usually conduct the initial voir dire, but counsel for each party will be allowed **thirty (30)**

21   minutes to ask follow up questions.

22      H.  Jurors may take notes.  Note pads will be distributed at the beginning of each

23   trial.  The note pads will be collected at the end of each day and locked in the jury room.  Jurors will

24   be instructed on the use of notes both in the preliminary and final jury instructions.

25   **OPENING STATEMENTS**

26      I.  Each side will have a predetermined time limit for its opening statement

27   (usually no more than 45 minutes per side).  Counsel must cooperate and meet and confer to

28   exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to

1   work out objections and any reasonable revisions.  Opening statements will commence as soon as

2   the jury is sworn.

### WITNESSES

4          J.       At the start of each trial day, all counsel shall exchange a list of witnesses for

5   the next two full court days and the exhibits that will be used during direct examination (other than

6   for impeachment of an adverse witness).  Within 24 hours of such notice, all other counsel shall

7   provide any objections to such exhibits.   The first notice shall be exchanged prior to the first day of

8   trial.  All such notice should be provided in writing.  The parties shall have all upcoming witnesses

9   on the same day available in the courthouse and ready to testify.  Failure to have the next witness

10  ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting.

11         K.       A witness or exhibit not listed in the joint pretrial statement may not be used

12  in a party's case in chief without good cause.  This rule does not apply to true rebuttal witnesses

13  (other than rebuttal experts who must be listed).  Defense witnesses are considered case-in-chief

14  witnesses, not "rebuttal" witnesses.

15         L.       Counsel shall stand at or near the podium to ask questions.  Counsel should

16  request permission from the Court to approach the witness or the bench.

### EXHIBITS

18         M.      Prior to the Final Pretrial Conference, counsel must meet and confer in person

19  to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over

20  the precise exhibit.

21         N.      Use numbers only, not letters, for exhibits.  Blocks of numbers should be

22  assigned to fit the need of the case (*e.g.*, Government has 1 to 100, Defendant A has 101 to 200,

23  Defendant B has 201 to 300, etc.).  A single exhibit should be marked only once.  If one party has

24  marked an exhibit, then another party should not re-mark the exact document with another number.

25  Different *versions* of the same document, *e.g.*, a copy with additional handwriting, must be treated as

26  different exhibits with different numbers.  To avoid any party claiming "ownership" of an exhibit, all

27  exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Government's

28  Exhibit" or "Defendant's Exhibit."  The jury should always hear any given exhibit referred to by its

1   unique number.  There should be no competing versions of the same exhibit number; any

2   discrepancies must be brought to the Court's attention promptly.

3                O.        The exhibit tag shall be in the following form:

4

5

6                            UNITED STATES DISTRICT COURT
                             NORTHERN DISTRICT OF CALIFORNIA
7

8                            **TRIAL EXHIBIT 100**

9                            CASE NO. _____

10
                             DATE ENTERED_____
11

12                           BY _____
                                        DEPUTY CLERK
13

14

15   Counsel preferably will make the tag up in a color that will stand out (yet still allow for

16   photocopying) but that is not essential.  Place the tag on or near the lower right-hand corner or, if a

17   photograph, on the back.  Counsel should fill in the tag but leave the last two spaces blank.  The

18   parties must jointly prepare a *single* set of all trial exhibits that will be the official record set to be

19   used with the witnesses and on appeal.  Each exhibit must be tagged and in a separate folder (not in

20   notebooks).  Deposit the exhibits with the deputy clerk on the first day of trial.  The tags can be

21   adhesive or stapled on.

22                P.        Counsel must consult with each other and with the deputy clerk at the end of

23   each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.  If

24   there are any differences, counsel should bring them promptly to the Court's attention.

25                Q.        In addition to the official record exhibits, two copies of the joint sent of bench

26   binders containing a copy of the exhibits must be provided to the Court by the time of the Final

27   Pretrial Conference.  Each exhibit must be separated with a label divider (an exhibit tag is

28

                                                    6

1  unnecessary for the bench set).  In large letters, the labels should say the exhibit number on the

2  binders.  Counsel should use 1-1/2-inch binders with locking rings.

3         R.      Before the closing arguments, counsel must confer with the deputy clerk to

4  make sure the exhibits in evidence are in good order.  Counsel may, but are not required to, jointly

5  provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number

6  and a brief, non-argumentative description (*e.g.*, letter from A. B. Case to D. E. Frank, dated August

7  17, 1999).  This list may go into the jury room to help the jury sort through exhibits in evidence.

8                                       **OBJECTIONS**

9         S.      Counsel shall stand when making objections, briefly cite the ground of the

10  objection and a citation (*e.g.* hearsay, Federal Rule of Evidence 802), and shall not make speaking

11  objections.

12         T.      To maximize jury time, counsel must alert the Court in advance of any

13  problems that will require discussion outside the presence of the jury, so that the conference can be

14  held before court begins or after the jury leaves for the day.

15                                     **STIPULATIONS**

16         U.      You must read all stipulations to the jury in order for them to become a part of

17  the record.

18                                **CHARGING CONFERENCE**

19         V.      As the trial progresses and the evidence is heard, the Court will fashion a

20  comprehensive set of jury instructions to cover all issues actually being tried.  Prior to the close of

21  the evidence, the Court will provide a draft final charge to the parties.  After a reasonable period for

22  review, one or more charging conferences will be held at which each party may object to any

23  passage, ask for modifications, or ask for additions.  Any instruction request must be renewed

24  specifically at the conference or it will be deemed waived, whether or not it was requested prior to

25  trial.  If, however, a party still wishes to request an omitted instruction after reviewing the Court's

26  draft, then it must affirmatively re-request it at the charging conference in order to give the Court a

27  fair opportunity to correct any error.  Otherwise, as stated, the request will be deemed abandoned or

28  waived.

1

**JUROR QUESTIONNAIRE**

2          The attached voir dire questionnaire shall be given to the potential jurors and copies of the

3   responses will be made available to counsel at the beginning of voir dir.

4          IT IS SO ORDERED.

5

6   DATED:  February 6, 2006

7                                                                        _____

8                                                                        JOSEPH C. SPERO
                                                                         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

CONFIDENTIAL

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom or on the side of the page. Thank you for your cooperation.

1.     Your name: _____

2.     Your age: _____

3.     City in which you reside: _____

4.     Your place of birth: _____

5.     Do you rent or own your own home? _____

6.     Are you married or do you have a domestic partner?   ____Yes ____ No

7.     Please list the occupation of your spouse or domestic partner.

       _____

8.     If you are not married and do not have a domestic partner, are you (circle one, if applicable):

       single          separated          divorced          widowed

9.     If you have children, please list their ages and sex and, if they are employed, please give their occupations.

       _____

       _____

       _____

       _____

10.    What is your occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

       _____

       _____

11.    Who is (or was) your employer?

       _____

12.    How long have you worked for this employer? _____

13.   Please describe your education background:

Highest grade completed: _____

College and/or vocational schools you have attended:

_____

_____

_____

_____

Major areas of study: _____

14.   Have you ever had jury experience? _____ Number of times? _____

If yes:  State/County Court _____ Federal Court _____

When? _____

Was it a civil or criminal case? _____

_____

_____

Did any of the juries reach a verdict ? _____ Yes _____ No